## GREENWALD et al. v. WEIR.

(Supreme Court, Appellate Division, First Department. April 8, 1909.)

1. Costs (§ 233*)—Costs on Appeal—Affirmance.

Const. art. 6, § 5, provides that appeals from inferior and local courts now heard in the New York Court of Common Pleas shall be heard in the Supreme Court in such manner and by such justices as the Appellate Division shall direct, unless otherwise provided by the Legislature. Code Civ. Proc. § 1344, provides that appeals from the judgment of any Municipal Court in the boroughs of Manhattan or the Bronx may be heard by the Appellate Division or by such Justices of the Supreme Court as may be designated by the Appellate Division in the First Department. Section 1347 provides that an appeal may be taken to the Appellate Division from an order granting or refusing a new trial. Section 1318 provides that, where a judgment from which an appeal is taken is reversed, the appeal must be taken from the order granting a new trial, but the judgment of reversal must also be reviewed. Under section 1317 the Appellate Division may reverse or affirm, wholly or partly, or modify the order appealed from. Section 3238 provides that on appeal from a final judgment, in an action specified in section 3228, appellant is entitled to costs upon reversal. Under section 3239, where an appeal is taken from an order granting or refusing a new trial and a new trial is refused, respondent is entitled to the costs of the appeal. *Held*, that where an appeal was taken from the Municipal Court of New York City, in an action specified in section 3228, to the Supreme Court, heard by the Appellate Term, and an appeal taken from their determination to the Appellate Division, the appeal from the Municipal Court was still in the Supreme Court, being reviewed under the Constitution and Code, and, where the final result in the Appellate Division refused a new trial and affirmed the Municipal Court judgment, respondent in whose favor the judgment was rendered was entitled to costs of the appeal in both the Appellate Term and Appellate Division.

[Ed. Note.—For other cases, see Costs, Cent. Dig. § 884; Dec. Dig. § 233.*]

2. Costs (§ 222*)—"Application to Appellate Division for a New Trial" —Application of Statute.

An appeal from a determination of the Appellate Term which either grants or refuses a new trial is in effect an application to the Appellate Division for a new trial within Code Civ. Proc. § 3251, subd. 4, regulating costs upon application to the Appellate Division for a new trial.

[Ed. Note.—For other cases, see Costs, Cent. Dig. § 833; Dec. Dig. § 222.*]

3. Costs (§ 222*)—Costs on Appeal—Statutory Provisions.

Municipal Court Act (Laws 1902, p. 1590, c. 580) § 346, providing that upon an appeal provided for in the act certain costs shall be awarded, regulates costs upon appeal from the Municipal to the Supreme Court, but not upon application to the Appellate Division for a new trial.

[Ed. Note.—For other cases, see Costs, Cent. Dig. § 833; Dec. Dig. § 222.*]

Action by Isaac Greenwald and others against Levi C. Weir, as president of the Adams Express Company. Application to resettle an order (115 N. Y. Supp. 311) reversing a determination of the Appellate Term (59 Misc. Rep. 431, 111 N. Y. Supp. 235) and affirming a judgment of the Municipal Court. Denied.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Argued before PATTERSON, P. J., and CLARKE, INGRA-HAM, HOUGHTON, and SCOTT, JJ.

Samuel J. Rawak, for the motion.
Arthur W. Clements, opposed.

PER CURIAM. This action was originally commenced in the Municipal Court, and resulted in a judgment for the plaintiff for $50 and costs. The plaintiff appealed to the Appellate Term from such judgment, who reversed the judgment and ordered a new trial, with costs to the appellant to abide the event. The defendant, by permission, appealed to this court, where the determination of the Appellate Term was reversed, and the judgment of the Municipal Court affirmed; and the question presented upon this application is whether this court had power to award to the appellant costs in this court.

Section 5, article 6, of the Constitution provides that:

"Appeals from inferior and local courts now heard in the Court of Common Pleas for the City and County of New York * * * shall be heard in the Supreme Court in such manner and by such justice or justices as the Appellate Division * * * shall direct, unless otherwise provided by the Legislature."

Title 3 of chapter 12 of the Code of Civil Procedure regulates appeals to the Supreme Court from inferior courts. Section 1344 of the Code of Civil Procedure provides that:

"Appeals from the judgment of any Municipal Court in either of the boroughs of Manhattan or the Bronx in the city of New York, or from a judgment or order of the City Court of the city, may be heard by the Appellate Division of the Supreme Court, or by such justice or justices of the Supreme Court as may be designated for that purpose by the Justices of the Appellate Division sitting in the First Judicial Department."

And the provisions of title 4 of chapter 12 of the Code of Civil Procedure relative to the hearing of appeals taken in the Supreme Court and to the subsequent proceedings thereon apply to an appeal taken as prescribed in this title. By section 1347 (a section of title 4 of the chapter) it is provided that an appeal may be taken to the Appellate Division of the Supreme Court from an order where it grants or refuses a new trial; and section 1318 provides that, where a judgment from which an appeal is taken is reversed, an appeal must be taken from the order granting a new trial, and the judgment granting a new trial must be reviewed. The order of the Appellate Term in this case having granted a new trial, an appeal from that determination was allowed. By section 1317 of the Code of Civil Procedure the Appellate Division of the Supreme Court may reverse or affirm, wholly or partly, or modify the order appealed from. The appeal from the Municipal Court was taken to the Supreme Court. It was heard by certain justices of the Supreme Court designated for that purpose by the Appellate Division, and was there decided. As a part of the appeal to the Supreme Court, the statute allows, under certain conditions, an appeal from the determination of the Appellate Term to the Appellate Division. The appeal from the judgment of the Municipal Court, however, is still in the Supreme Court and being

reviewed by that court under the provisions of the Constitution and the Code of Civil Procedure, before cited. Section 3288 of the Code of Civil Procedure provides that on an appeal from a final judgment in an action specified in section 3228, which would apply to this action, the respondent is entitled to costs upon the affirmance, and the appellant to costs upon the reversal of the judgment appealed from. And under section 3239 of the Code of Civil Procedure, where the appeal is taken from an order granting or refusing a new trial, and the decision upon the appeal refuses a new trial, the respondent is entitled of course to the costs of the appeal.

Reading these two sections together, it seems clear that upon the appeal to the Supreme Court, which includes the appeal heard by the Justices at the Appellate Term as directed by the Appellate Division, and the subsequent appeal to the Appellate Division from the determination of the Appellate Term, if the final result refuses a new trial and affirms the judgment of the Municipal Court, the respondent in whose favor the judgment was entered is entitled to the costs of the appeal in both courts, which became necessary to obtain the final determination of the Supreme Court upon the question as to whether the judgment of the Municipal Court should be affirmed.

The amount of costs is regulated by section 3251 of the Code. Subdivision 4 of that section provides that:

"To either party upon an appeal to the Supreme Court from an inferior court, excepting the City Court of the City of New York; or upon an appeal to the Appellate Division of the Supreme Court * * * taken from an interlocutory or final judgment, or from an order granting or refusing a new trial, rendered or made at a trial term of the Supreme Court * * * or upon an application to the Appellate Division of the Supreme Court for a new trial, or for judgment upon a verdict, rendered subject to the opinion of the court, or where exceptions are ordered to be heard in the first instance at a term of the Appellate Division of the Supreme Court"

—costs shall be allowed as there fixed. By section 346 of the Municipal Court act (chapter 580, p. 1590, of the Laws of 1902) costs upon appeal are awarded to the appellant upon reversal, $30, and to the respondent upon affirmance, $25.

This provision would regulate the costs upon an appeal to the Supreme Court; but where an application is made to the Appellate Division for a new trial, section 3251 of the Code of Civil Procedure applies, and the costs on such application are awarded as therein prescribed. We think an appeal from a determination of the Appellate Term which either grants or refuses a new trial is in effect an application to the Appellate Division for a new trial. The appeal being to the Supreme Court, a term of the court held by three justices designated by the Appellate Division has determined the appeal by awarding a new trial. An appeal from that determination to this court having been allowed, the question is still before the court as to whether or not the plaintiff was entitled to a new trial; the question that this court had to determine was whether such new trial should or should not be ordered, and the application, therefore, was to the Appellate Division for a new trial.

We think, therefore, that this application to reverse the determination of the Appellate Term was fairly within this provision of section 3251 of the Code of Civil Procedure, and entitles the successful party in this court to the costs there awarded.

The application to resettle the order is therefore denied, with $10 costs.